

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-13,444-17

**EX PARTE DARIUS DURON ELAM, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 380350-I IN THE 232ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. **Keel, J. not participating.**

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Elam v. State*, No. 14-84-00394-CR (Tex. App.—Houston [14th] June 12, 1986).

Applicant contends, among other things, that a witness has admitted that his trial testimony was false and that the recantation of that testimony combined with new DNA evidence shows he is actually innocent.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,

additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

The trial court has signed findings of fact regarding Applicant's original allegations, but has advised the Court that supplemental grounds that Applicant filed on June 3, 2021 have not yet been addressed and are still being developed. This Court is also missing the exhibits which were filed during the habeas hearings held on July 12, 2019 and August 9, 2021. On January 31, 2022, an order directing the district clerk's office to supplement the record with those exhibits, but the exhibits have not yet been forwarded to the Court.

The trial court may order depositions, interrogatories or a hearing. It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law regarding those grounds raised by Applicant which were not addressed in the court's prior findings of fact. The trial court shall also supplement the record with the exhibits from the habeas hearings held on July 12, 2019 and August 9, 2021. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 13, 2022

Do not publish